NATIONWIDE INSURANCE COMPANY, Appellant,

v.

JOHNSON, Appellee.

[Cite as *Nationwide Ins. Co. v. Johnson* (1992), 84 Ohio App.3d 106.]

Court of Appeals of Ohio,
Butler County.

No. CA92–06–0115.

Decided Nov. 30, 1992.

*Baden & Jones Co., L.P.A.,* and *David T. Davidson,* for appellant.

*White, Getgey & Meyer Co., L.P.A.,* and *Nicholas E. Bunch,* for appellee.

WALSH, Judge.

Defendant-appellee, Ronnie Johnson, was injured on May 26, 1990, when the semi-tractor trailer he was driving on I–75 was struck head-on by an automobile driven by Delores Harrison that was traveling in the wrong lane of traffic. At the time, appellee was employed by Roadway Express, Inc., as an "over-the-road"

driver and was paid an hourly wage plus an additional amount for each mile he drove.

Following the accident, Harrison's insurer, Motorists Mutual Insurance Company, tendered the limits of Harrison's policy, $25,000, to appellee in exchange for a release of liability. Appellee thereafter notified his insurer, plaintiff-appellant, Nationwide Insurance Company, about the settlement and of his intention to file an underinsured motorist coverage claim pursuant to his policy. Appellee's policy with appellant provided underinsured motorist coverage in the amount of $100,000 per person.

Appellant disputed appellee's claim on the ground exclusionary language in the policy precluded underinsured coverage. In relevant part, the exclusion clause relied upon by appellant states:

"This coverage does not apply to: * * * Use of any motor vehicle by an insured to carry persons or property for a fee. Shared expense car pools are not considered carrying persons for a fee."

It was appellant's position that as a driver for Roadway, appellee was carrying property for a fee when he was injured and was thus not entitled to underinsured coverage.

On January 24, 1992, appellant filed a complaint for declaratory judgment seeking a declaration that appellant was not obligated to provide underinsured motorist coverage to appellee. In response, appellee filed a counterclaim, wherein he alleged that the exclusion clause in the policy is ambiguous and violates R.C. 3937.18. Both parties subsequently moved for summary judgment on the issue. The trial court, in an entry dated June 15, 1992, granted appellee's motion, denied appellant's motion and ordered appellant to provide underinsured motorist protection to appellee for the injury he sustained in the accident. This appeal followed.

Appellant's sole assignment of error reads as follows:

"The trial court erred to the prejudice of the plaintiff/appellant in overruling their [sic] motion for summary judgment and granting the motion for summary judgment filed by defendant/appellee."

 The first of appellant's two arguments contends that the trial court erred in finding that the exclusion clause is ambiguous. The construction of a written contract is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 245–246, 7 O.O.3d 403, 405–406, 374 N.E.2d 146, 149. When analyzing the construction of an insurance contract, the court is to examine the policy, giving the terms found therein their plain and ordinary meaning in order that a reasonable interpretation of the policy may be ascertained. *Gomolka v.*

*State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167, 24 O.O.3d 274, 275, 436 N.E.2d 1347, 1347. Provisions of a contract of insurance that are ambiguous and reasonably susceptible to more than one interpretation are to be strictly construed against the insurer. *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 65, 543 N.E.2d 488, 490; *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 211, 519 N.E.2d 1380, 1383. The rationale behind this rule of law is that the insurer, having prepared and authored the policy, must also be prepared to accept any reasonable interpretation in favor of the insured. *Gomolka, supra,* 70 Ohio St.2d at 168, 24 O.O.3d at 275, 436 N.E.2d at 1348, citing *Home Indemn. Co. v. Plymouth* (1945), 146 Ohio St. 96, 101, 32 O.O. 30, 32, 64 N.E.2d 248, 250. Clauses in an insurance contract that purport to exclude or except certain types of coverage must do so clearly and unambiguously. *Moorman v. Prudential Ins. Co.* (1983), 4 Ohio St.3d 20, 22, 4 OBR 17, 19, 445 N.E.2d 1122, 1124.

█ We find ourselves in agreement with the trial court's conclusion that the exclusion clause is ambiguous. On one hand, the clause can be read in such a way that underinsured coverage is excluded anytime a vehicle used by the insured carries property and any fee or payment to the insured is involved. *Nationwide Ins. Co. v. Thorley* (Jan. 16, 1991), Summit App. No. 14658, unreported, at 3, 1991 WL 6137. Applying this reading of the clause to the case at bar, appellant would be excluded from coverage since, at the time of the accident, he was carrying property and being paid by his employer for driving.

On the other hand, the clause can also be reasonably read to exclude coverage only if the insured was using the vehicle for the specific purpose of obtaining a fee for carrying goods. *Id.* In the instant action, it is not disputed that appellant received an hourly wage from Roadway and additional compensation for each mile he drove. There is nothing which suggests, however, that he specifically charged customers a fee for carrying their freight. In light of our conclusion that the exclusion clause's language is ambiguous and susceptible of varying interpretations, the trial court acted properly in construing the policy so as to provide appellee with underinsured motorist coverage.

█ Appellant next argues that the trial court erred in finding that the exclusion clause did not conform to R.C. 3937.18. R.C. 3937.18 governs the mandatory offering of underinsured motorist coverage in Ohio and in relevant part states that such coverage shall be provided to an insured for bodily injury loss " * * * where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident." R.C. 3937.18(A)(2). The purpose of the statute is clear and unequivocal: to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor

but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance, or (2) covered in an amount that is less than the insured's uninsured motorist coverage. *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312.

Exclusions in an insurance contract that pertain to the coverage authorized by R.C. 3937.18 are permissible, provided the restrictions comply with the statute's purpose. *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 596, 23 O.O.3d 495, 497, 433 N.E.2d 547, 549. Those exclusions which vary from the statute's requirements are unenforceable. *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 386, 433 N.E.2d 555, 557.

Both parties cite *State Farm Auto. Ins. Co. v. Alexander* to argue their respective positions. The facts in that case show that the insurer refused to provide underinsured motorist coverage to the insured after the insured had received the limits of the tortfeasor's policy, citing a household exclusion clause in the policy that held that an insured's own automobile could never be an uninsured or underinsured vehicle in a one-car accident. The Supreme Court held the exclusion ignored the basic premise of R.C. 3937.18 and amounted to an attempt by the insurer to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to the statute. Finding the exclusion unenforceable, the Supreme Court held, at the syllabus:

"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law."

Appellant maintains that the exclusion clause *sub judice* differs substantially from the clause in that case, as the clause in the instant action attempts to limit coverage only by excluding expansion of a personal insurance policy into a commercial setting. While appellant's assertion may be correct, the exclusion clause in its policy has the same effect as the clause deemed unenforceable by the Supreme Court in *State Farm Auto. Ins. Co. v. Alexander*, *i.e.*, the clause eliminates underinsured motorist coverage for a claim that is recognized by Ohio tort law. For the reasons set forth in *State Farm Auto. Ins. Co. v. Alexander*, the clause is therefore unenforceable.

On the basis of the aforementioned, this court is of the belief that the trial court did not err in awarding appellee summary judgment and in denying appellant's motion for summary judgment. Appellant's sole assignment of error is hereby overruled and the judgment of the trial court affirmed.

*Judgment affirmed.*

KOEHLER, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

I see no reason an insurance company cannot limit coverage to exclude expansion of a personal insurance policy into a commercial setting. A commercial driver presents a higher risk, for myriad reasons. What is wrong with an insurance company excluding New York taxi drivers from a family insurance policy? If the family consumer is rated equally with long-haul semitrailer drivers, who drive fifteen thousand miles each month, while the owner of a family automobile drives fifteen thousand miles a year, the cost of insurance for a family policy will surely escalate. The policy excludes commercial drivers from uninsured motorist coverage mandated by R.C. 3937.18 by its "for a fee" language, but only when recovery is sought under a family automobile policy. Truck drivers and cab drivers can obtain their own uninsured motorist coverage, presumably for a higher premium, and such will neither violate R.C. 3937.18 nor place an unacceptable burden upon the owner of a family automobile. I dissent.