OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Stanton et al., Appellees, v. Nationwide Mutual Insurance
Company, Appellant.
[Cite as Stanton v. Nationwide Mut. Ins. Co. (1993),    Ohio
St.3d      .]
Insurance -- Uninsured motorist coverage -- Exclusion that
     coverage does not apply to use of motor vehicle to carry
     persons or property for a fee is unenforceable.
An exclusion in the uninsured motorist coverage of an automobile
     liability policy which states that uninsured motorist
     coverage does not apply to the use of any motor vehicle by
     an insured to carry persons or property for a fee is
     unenforceable.  (State Farm Auto. Ins. Co. v. Alexander
     [1992], 62 Ohio St.3d 397, 583 N.E.2d 309, followed.)
     (No. 92-1982 -- Submitted October 13, 1993 -- Decided
December 29, 1993.)
     Appeal from the Court of Appeals for Hamilton County, No.
C-910750.
     The parties do not dispute the facts in this case.  On
September 12, 1990, appellee, a truck driver for Carolina
Freight Carriers Corp., was driving his employer's truck on
Interstate 75 in the course of his employment, when the driver
of the vehicle in front of him lost control of his vehicle and
bounced off a concrete wall into appellee's path.  Appellee's
truck jackknifed and eventually came to rest on both the
concrete wall and the errant vehicle which had caused the
accident.  The motorist did not carry insurance on the vehicle,
and Carolina Freight carried a Financial Responsibility Bond
which did not provide uninsured motorist coverage for its
trucks.  Consequently, to recover for his injuries, appellee
and his wife filed a claim under appellee's personal automobile
insurance policy with appellant, Nationwide Mutual Insurance
Company.
     Appellant denied appellees' claim on the ground that
appellee was not entitled to compensation because of an
exclusion in appellee's insurance policy.  The exclusion stated
that uninsured motorist coverage does not apply to the "[u]se
of any motor vehicle by an insured to carry persons or property
for a fee."  Appellant asserted that because the truck driven

by appellee was used to transport goods for a fee, the truck was in commercial use and was therefore subject to the exclusion. Appellee responded by filing a complaint for declaratory judgment, seeking a determination that the insurance policy did in fact cover his claim. The parties then filed cross-motions for summary judgment.

The trial court denied appellee's request for relief and granted appellant's motion for summary judgment. The court stated that the exclusion was clear and unambiguous and that the insurance policy therefore did not provide uninsured motorist coverage to a policy holder who was driving a truck in a commercial setting. The court of appeals reversed the trial court, but did not address whether the exclusion was ambiguous. The court instead held that the exclusion was prohibited by the syllabus law recently announced by this court in State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, in which this court stated in part that an automobile insurance policy may not eliminate or reduce uninsured motorist coverage.

The cause comes before the court upon the allowance of a motion to certify the record.

Fingerman, Guckenberger & Gehrig and Thomas A. Gelwicks, for appellees.
Tailer, Ruttle & Walden and Christine D. Tailer, for appellant.

Wright, J. The sole issue before us is whether appellant's "for fee" exclusion in the uninsured motorist coverage of appellee's personal automobile insurance policy is enforceable in the commercial setting in which this case arose. For the reasons that follow, we hold that the exclusion is not enforceable. We therefore affirm the judgment of the court of appeals.

I

The General Assembly determined by enacting R.C. 3937.18 that automobile liability carriers must offer uninsured motorist coverage to their customers. Watson v. Grange Mut. Cas. Co. (1988), 40 Ohio St.3d 195, 532 N.E.2d 758. This court has described the purpose behind R.C. 3937.18 in various ways over the years, all of which may be summarized by stating that the uninsured motorist statute is meant to ensure that innocent persons who are injured by negligent uninsured motorists are not left without compensation simply because the tortfeasor lacked liability coverage. State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309. The statute protects persons who purchase insurance by providing a remedy to them in the event they are injured by uninsured motorists who cannot pay for the damages they cause. By allowing victims of automobile accidents to seek compensation from their own insurance carriers, the statute attempts to place those victims in the same position they would have been had the tortfeasors possessed liability coverage. Bartlett v. Nationwide Mut. Ins. Co. (1973), 33 Ohio St.2d 50, 62 O.O.2d 406, 294 N.E.2d 665. In short, the statute is remedial in nature, and is meant to provide a means of compensation to those injured by uninsured motorists.

The General Assembly has determined, however, that automobile liability carriers must only offer uninsured motorist coverage to their customers; it has not made the purchase of uninsured motorist coverage mandatory. Orris v. Claudio (1980), 63 Ohio St.2d 140, 17 O.O.3d 85, 406 N.E.2d 1381. We have previously stated that R.C. 3937.18 does not displace ordinary principles of contract law and that, as a result, reasonable exclusions in the uninsured motorist coverage of automobile insurance policies do not necessarily conflict with the policy behind R.C. 3937.18 and are sometimes enforceable.1 However, this court has since changed its view on this matter.

II

In 1992, this court stated in State Farm, supra, that automobile insurance policies may not eliminate or reduce uninsured motorist coverage. Specifically, the court held:

"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." Id. at syllabus.2

When the syllabus law in State Farm is applied to the facts in this case, it is clear that appellant's "for fee" exclusion is unenforceable. Notwithstanding appellees' argument that the exclusion is ambiguous, the exclusion plainly eliminates coverage to at least those persons, like appellee, who are injured while driving vehicles that are being used for commercial purposes. In addition, appellant does not dispute that appellee has a cause of action in tort against the uninsured motorist whose car caused the accident. Thus the facts of this case fit squarely within the syllabus law in State Farm. Appellant argues, however, that this court should still enforce the "for fee" exclusion in appellee's insurance policy.

Appellant argues in its brief that public policy does not favor extending the syllabus law in State Farm to a commercial setting. Appellant asserts that the commercial use of a vehicle entails a greater risk of loss than does the personal use of a vehicle; that appellee did not contract for commercial exposure coverage but instead paid only personal automobile premiums; and that if this court does not enforce the "for fee" exclusion, insurance companies will have no choice but to raise personal automobile premiums to account for the increased risk of loss. Appellant concludes by stating that everyday, non-commercial drivers should not have to pay for this increased risk.

Despite the cogency of appellant's arguments, we decline to carve out a commercial-context exception from the syllabus law set forth in State Farm. This is a matter of public policy best left to the General Assembly. We believe that enforcing appellant's "for fee" exclusion at this time would only frustrate the policies of predictability and stability found in the doctrine of stare decisis.

Accordingly, we hold that an exclusion in the uninsured motorist coverage of an automobile liability policy which states that uninsured motorist coverage does not apply to the

use of any motor vehicle by an insured to carry persons or property for a fee is unenforceable.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in the syllabus and judgment.

Resnick, J., concurs in judgment only.

FOOTNOTE:

1  See, e.g., Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, paragraph two of the syllabus, overruled by State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309.

2  State Farm gave a different interpretation to R.C. 3937.18.  The writer authored Dairyland and dissented in State Farm.  However, the General Assembly has not reacted to State Farm.  Given a time frame of well over one year, State Farm must be regarded as settled law and the doctrine of stare decisis must apply.

Douglas, J., concurring.    I concur in the syllabus and judgment of the majority.  I do not concur in some of the gratuitous comments set forth in the opinion, which comments are not only unwarranted but also unnecessary in the deciding of this case.