**COLONIAL INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**JERMANN et al., Appellees.**

[Cite as *Colonial Ins. Co. of California v. Jermann* (1995), 102 Ohio App.3d 384.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE08–1220.

Decided April 6, 1995.

*Buckley, King & Bluson* and *Richard D. Brown,* for appellant.

*Wiles, Doucher, VanBuren & Boyle* and *Thomas J. Keener,* for appellees Jason Jermann, Central Mutual Insurance Company, and Johncol, Inc.

*Manring & Farrell* and *Clifford M. Farrell,* for appellees Patricia A. Conant and Ryan Conant.

———

TYACK, Judge.

On May 10, 1993, Jason Jermann was involved in a two-car collision during the course of his employment with Johncol, Inc., d.b.a. Papa John's Pizza ("Papa John's"). At the time of the accident, Jermann was returning to Papa John's after delivering a pizza. Also involved in the accident were Patricia A. Conant, the driver of the other vehicle, and her son Ryan, both of whom were injured.

On the date of the accident, Jason Jermann was a named insured on a personal automobile insurance policy issued by Colonial Insurance Company of California ("Colonial") to his mother, Sharon Jermann. The pick-up truck owned and operated by Jason Jermann at the time of the accident was also described and covered by the policy. A commercial liability insurance policy issued to Papa John's by Central Mutual Insurance Company ("Central Mutual") was also in effect at the time.

When Conant and her son ultimately made claims against Colonial, this lawsuit ensued. On July 14, 1993, Colonial filed a declaratory judgment action in the

Franklin County Court of Common Pleas generally seeking a determination that its policy coverage did not apply under the circumstances. Colonial sought to deny coverage based upon an exclusion set forth in the policy. Exclusion (7) reads, in pertinent part:

"This coverage does not apply to:

" * * *

"**Bodily injury** and **property damage** arising out of the ownership, maintenance or use of a **car** *when used to carry persons or property for a charge.*" (Emphasis added.)

Following discovery proceedings, the parties filed cross-motions for summary judgment based upon undisputed facts. On July 22, 1994, the trial court journalized an entry denying Colonial's summary judgment motion and granting the cross-motion filed on behalf of Central Mutual, Papa John's, and Jermann. In holding that the above exclusion did not apply, the court concluded that Jermann's use of his vehicle to deliver pizzas did not constitute carrying property "for a charge."

Colonial has pursued a timely appeal, assigning a single error for our consideration:

"The decision of the trial court denying the summary judgment motion of appellant, Colonial Insurance Company of California, and granting the cross-motion for summary judgment of appellees, Central Mutual Insurance Company, Johncol, Inc. and Jason Jermann, was contrary to law."

Colonial argues that Jermann's use of his personal vehicle for pizza delivery activities constituted "carrying property for a charge" so as to trigger the exclusion. In construing "for a charge," Colonial emphasizes the details of the financial arrangement between Jermann and Papa John's. Specifically, Jermann was compensated with a fixed hourly rate; plus, a "commission" of 6.5 percent of the sale price of each order he delivered; and, finally, tips from customers. Colonial construes these factors as being indicative of the plain, ordinary meaning of the phrase "for a charge."

The trial court noted that the factual situation here presents an issue of first impression. Central Mutual argued, and the trial court ultimately concluded, that Jason Jermann was not carrying pizzas "for a charge" within the meaning of the exclusion. The trial court examined the above facts, and noted the additional significant fact that Jermann was paid an hourly wage not solely for delivering pizzas, but also for helping in the kitchen when needed. Thus, the court found that the hourly wage was not dependent upon delivering pizzas and that it would have been paid in any event. The court further noted that the 6.5 percent "commission" Jermann earned on each pizza delivered was intended as remunera-

tion for gasoline and for the mileage on his vehicle. Finally, the court rejected as unpersuasive Colonial's argument pertaining to tips because of the highly discretionary and uncertain nature of tipping. Papa John's did not charge its customers an additional amount for delivery.

In construing the exclusion at issue, we are guided by the well-settled principle that an insurance contract prepared and drafted by the insurer is to be construed liberally in favor of the insured and strictly against the insurer where the contract contains uncertain or ambiguous language. *Munchick v. Fid. & Cas. Co.* (1965), 2 Ohio St.2d 303, 31 O.O.2d 569, 209 N.E.2d 167, paragraph one of the syllabus; *Moorman v. Prudential Ins. Co.* (1983), 4 Ohio St.3d 20, 22, 4 OBR 17, 19, 445 N.E.2d 1122, 1124. The rationale underlying this rule of law is that the insurer, having prepared the policy, must also be prepared to accept any reasonable interpretation in favor of the insured. *Nationwide Ins. Co. v. Johnson* (1992), 84 Ohio App.3d 106, 109, 616 N.E.2d 525, 527, citing *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167, 24 O.O.3d 274, 275, 436 N.E.2d 1347, 1348. Thus, a preliminary question we must answer is whether the disputed language is indeed ambiguous.

Not surprisingly, Colonial takes the position that the meaning of "for a charge" is unequivocally clear. Colonial cites dicta in *Stanton v. Nationwide Mut. Ins. Co.* (1993), 68 Ohio St.3d 111, 623 N.E.2d 1197, as being demonstrative of the Ohio Supreme Court's "current belief" that such "for fee" or "for charge" exclusions are unambiguous. *Stanton* involved an over-the-road interstate trucking organization which was exclusively in the business of hauling goods for a fee. In *Stanton*, the court held at the syllabus:

"An exclusion in the uninsured motorist coverage of an automobile liability policy which states that uninsured motorist coverage does not apply to the use of any motor vehicle by an insured to carry persons or property for a fee is unenforceable."

Thus, the issue addressed in *Stanton* was the *enforceability* of the exclusion in the context of *uninsured* motorist coverage. Colonial reasons that no ambiguity exists in such exclusions by pointing to the court's observation that the exclusion "plainly eliminates coverage to *at least* those persons, like [the insured truck driver], who are injured while driving vehicles that are being used for commercial purposes." (Emphasis added.) *Id.* at 114, 623 N.E.2d at 1199. While Colonial emphasizes and construes broadly the "plainly eliminates coverage" language, we interpret the statement in its entirety as being narrowly restricted to the facts of that case. One would be hard-pressed to argue that a trucker expressly engaged solely to haul goods is not carrying property for a charge or fee. Such an obvious lack of ambiguity is not present under the circumstances of this case.

We find that the language of the exclusion clause is ambiguous and susceptible to varying interpretations in this case. In *Johnson, supra*, the Butler County Court of Appeals similarly found a nearly identical exclusion to be ambiguous in the context of underinsured coverage of an over-the-road trucker. In that case, the trucker was paid an hourly wage plus an additional amount for each mile he drove. The court concluded that the exclusion was prone to at least two different interpretations:

" * * * On one hand, the clause can be read in such a way that underinsured coverage is excluded anytime a vehicle used by the insured carries property and any fee or payment to the insured is involved. *Nationwide Ins. Co. v. Thorley* (Jan. 16, 1991), Summit App. No. 14658, unreported, at 3, 1991 WL 6137 * * *. Applying this reading of the clause to the case at bar, appellant would be excluded from coverage since, at the time of the accident, he was carrying property and being paid by his employer for driving.

"On the other hand, the clause can also be reasonably read to exclude coverage only if the insured was using the vehicle for the specific purpose of obtaining a fee for carrying goods. *Id.* In the instant action, it is not disputed that appellant received an hourly wage from Roadway and additional compensation for each mile he drove. *There is nothing which suggests, however, that he specifically charged customers a fee for carrying their freight.* * * * " (Emphasis added.) *Id.*, 84 Ohio App.3d at 109, 616 N.E.2d at 527.

While the *Johnson* case addressed underinsured coverage in a clearly commercial setting, as did *Stanton, supra*, we find its rationale persuasive. Because the exclusion clause here is susceptible to more than one interpretation as applied to the facts of this case, we find it to be ambiguous and, therefore, unenforceable. The insurer carries the burden of establishing that an exclusion applies and Colonial has failed to satisfy that burden. See *Archer v. Nationwide Ins. Co.* (Aug. 19, 1993), Franklin App. No. 93AP–620, unreported, 1993 WL 318823. Accordingly, the assignment of error is overruled.

Numerous courts from other jurisdictions have addressed the precise issue presented here in the same factual context of pizza delivery and are in accord with our holding. See *Progressive Cas. Ins. Co. v. Metcalf* (Minn.App.1993), 501 N.W.2d 690; *RPM Pizza, Inc. v. Automotive Cas. Ins. Co.* (La.1992), 601 So.2d 1366; *Pizza Hut of America, Inc. v. West Gen. Ins. Co.* (Ark.App.1991), 36 Ark.App. 16, 816 S.W.2d 638; *United Serv. Auto. Assn. v. Couch* (Tenn.App. 1982), 643 S.W.2d 668.

Having overruled the assignment of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

LAZARUS, J., concurs.

DESHLER, J., dissents.

DESHLER, Judge, dissenting.

Because I find that the insurance policy unambiguously excludes coverage for the commercial use of the vehicle used by Jason Jermann, I must respectfully dissent.

At the outset, we should not disregard certain language from *Stanton v. Nationwide Mut. Ins. Co.* (1993), 68 Ohio St.3d 111, 623 N.E.2d 1197, which the majority dismisses as "dicta." While it is true that *Stanton* was decided on grounds other than the ambiguity of the commercial use exclusion, the Supreme Court nonetheless saw fit to address the contended ambiguity of the exclusion, and found that it "plainly eliminates coverage to at least those persons * * * who are injured while driving vehicles that are being used for commercial purposes." *Id.* at 114, 623 N.E.2d at 1199.

Moreover, it is difficult to reconcile the majority's conclusion that "[o]ne would be hard-pressed to argue that a trucker engaged solely to haul goods is not carrying property for a charge or fee," with the majority's extensive reliance on *Nationwide Ins. Co. v. Johnson* (1992), 84 Ohio App.3d 106, 616 N.E.2d 525, in which the Butler County Court of Appeals reached the exact opposite conclusion on facts similar to those in *Stanton,* by finding that an over-the-road trucker was not subject to the exclusion. Both cases involve over-the-road truckers paid by their trucking company employer.

A close examination of *Johnson* reveals that its rationale is not only unpersuasive but nonexistent. The court in *Johnson* concluded that the exclusion was ambiguous because it could apply to two different situations: "anytime a vehicle used by the insured carries property and any fee or payment to the insured is involved," and "if the insured was using the vehicle for the specific purpose of obtaining a fee for carrying goods." It is not entirely clear what line can be drawn between these two situations, but the court in *Johnson* appeared to be distinguishing between the position of a trucker who charged his fee directly to the shipper, and one who draws a salary from a trucking company employer. This is an attempt to manufacture ambiguity by creating a distinction without a difference. I would conclude that the exclusion was not ambiguous merely because it fails to specify to whom the fee for carrying property must be paid; the exclusion's silence on this matter does not make it ambiguous, but merely comprehensive, and applicable to either situation. I therefore find *Johnson* unpersuasive.

The distinction which must be made in the case before us is between a vehicle carrying property for a charge and one which is not. The facts before us indicate that Jermann had placed his vehicle into commercial operation and was carrying property for a charge. It is undisputed that Jermann was carrying property in the form of pizza. I would further conclude he was doing this for a charge, in the form of his hourly wage paid by Papa John's. The delivering of pizza, using a privately insured vehicle, is the type of commercial use which is excluded by the policy of insurance. As the Supreme Court in *Stanton* indicated, a commercial trucker drawing salary and mileage pay from his trucking company employer would be excluded.[1] Therefore, on the basis of Jermann's salary alone, I would find the exclusion applicable.

Moreover, if the case must ultimately turn on whether Jermann received compensation above and beyond his salary which would constitute a charge for carrying property, I believe that the same conclusion would obtain. Jermann received a 6.5 percent commission which was described as compensation for gas and mileage on his vehicle when making deliveries. This commission payment is manifestly more closely related to the pizza delivery driver's diligence and efficiency in increasing his delivery volume, than to actual vehicle mileage incurred. As such, the commission constitutes incentive compensation above the hourly wage, and a means by which Jermann could increase his income when using his vehicle. The commission alone can constitute, therefore, a charge for carrying property. Furthermore, Jermann received tips for making deliveries; while these were certainly discretionary on the part of the customers, they must nonetheless have constituted an appreciable (and appreciated) source of additional income for driving which would not have been available when Jermann was engaged in his kitchen duties. On the basis of the commission and tips received, even if the salary were not taken into account, I would again find the exclusion applicable on the facts before us.

Ultimately, the issue is whether the insured placed his vehicle into commercial use and thereby significantly increased the risk above that contemplated and covered under the policy. It seems clear to me on the facts before us that this is the case, and the exclusion of coverage for carrying property for a charge is applicable. Furthermore, there is a sound public policy argument against permitting businesses to shift the expense of carrying liability insurance on delivery vehicles onto the personal policies of employees. Other courts have reached similar conclusions. See, *e.g., Dhillon v. Gen. Acc. Ins. Co.* (Tex.App.

---

1. While there has been some attempt to emphasize the fact that Jermann's hourly pay covered both kitchen duties and deliveries, this is not of great relevance since at the time of the accident he was indisputably driving his personal vehicle as required by his employer and making a pizza delivery. Jermann's ancillary kitchen duties have no bearing on the question.

1990), 789 S.W.2d 293 (pizza deliveries), and *Martin v. Colonial Ins. Co. of California* (D.Del.1986), 644 F.Supp. 349 (trucking). Based upon the foregoing reasoning, I would reverse the judgment of the trial court.