Cook, J.
The issue in this case is whether Lightning Rod’s policy excluding coverage for operation of a vehicle carrying property “for a fee” covers an insured who is paid an hourly wage and is reimbursed for mileage for making deliveries but is not paid per delivery.
“[WJords and phrases used in an insurance policy must be given their natural and commonly accepted meaning.” Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,167-168, 24 O.O.3d 274, 275, 436 N.E.2d 1347,1348. A “fee” is defined as “[a] recompense for an official or professional service or a charge or emolument or compensation for a particular act or service. A fixed charge or perquisite charged as recompense for labor; reward, compensation, or wage given to a person for performance of services or something done or to be done.” Black’s Law Dictionary (6 Ed.1990) 614; see, also, Webster’s Third New International Dictionary (1986) 833 (with definitions of “fee” as a fixed charge for various particular services). A determination of whether Spurlock was carrying property “for a fee” will differ depending on which part of the definition we look to, that is, whether a fee includes any “compensation, or wage * * * for performance of services” or must be “for a particular act or service.”
Thus, Lightning Rod’s policy can be read two ways: first, as-excluding from coverage use of a vehicle to transport property when there is any kind of payment to the insured, and second, as excluding coverage only when a fee is paid specifically for the particular act of transporting property. Under the first reading, Spurlock’s use of her car to deliver pizza would be excluded from coverage because Domino’s was paying her an hourly wage. Under the second reading, however, this use would not be excluded by the Lightning Rod policy, since neither Domino’s nor its customers paid Spurlock a fee specifically for delivering the pizza. Under either reading, the policy excludes taxicabs transporting persons specifically for a fee or moving vans transporting property specifically for a fee. Only the first reading, however, excludes Spurlock’s errands on behalf of her employer.
*586 “Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.” King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, at syllabus. “The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect.” Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65, 543 N.E.2d 488, 490, citing Am. Fin. Corp. v. Fireman’s Fund Ins. Co. (1968), 15 Ohio St.2d 171, 44 O.O.2d 147, 239 N.E.2d 33. Because the “for a fee” exclusion is susceptible of more than one interpretation, the trial court’s construction of it against Lightning Rod was correct.
Whether Lightning Rod intended to cover commercial use of Spurlock’s vehicle is irrelevant because the policy language is imprecise. In fact, more than commercial uses would be affected if Lightning Rod’s policy could be read as excluding from coverage any use of a car to carry property when any payment to the insured is involved (the only proposed interpretation of “for a fee” that would exclude Spurlock). Incidental transport of items by an insured while “on the clock” for an employer would also be encompassed by such a reading.
Thus, as there is no genuine issue as to any material fact, USF&G is entitled to judgment as a matter of law, and summary judgment was properly granted. We therefore reverse the judgment of the court of appeals and remand the cause for consideration of the issue of attorney fees.

Judgment reversed and cause remanded.

Moyer, C.J., F.E. Sweeney and Pfeifer, JJ., concur.
Resnick, J., concurs separately.
Douglas, J., dissents.
Lundberg Stratton, J., dissents.