Alice Robie Resnick, J.,
concurring. I concur in the majority’s resolution of this case, and join in reversing the judgment of the court of appeals and reinstating the judgment of the trial court on the certified issue. I write separately to underscore the ambiguity of the “for a fee” exclusion.
A special category of cases has emerged to cover the general fact pattern presented by this case. These cases could be labeled “pizza delivery cases,” although the basic issue could arise in any case which involves a similar delivery of a product by an employee. Courts in various states have found the same or *587 like exclusions unenforceable in this type of “pizza delivery” case, concluding that coverage was available to the delivery driver despite the exclusion. Illustrative cases include Progressive Cas. Ins. Co. v. Metcalf (Minn.App.1993), 501 N.W.2d 690; Am. Motorists Ins. Co. v. Travelers Ins. Co. (1993), 604 N.Y.S.2d 475, 158 Misc.2d 257; RPM Pizza, Inc. v. Automotive Cas. Ins. Co. (La.1992), 601 So.2d 1366; Pizza Hut of Am., Inc. v. W. Gen. Ins. Co. (1991), 36 ArkApp. 16, 816 S.W.2d 638; United Serv. Auto. Assn. v. Couch (Tenn.App.1982), 643 S.W.2d 668.
Several Ohio courts of appeals addressing the issue have found the exclusion inoperative and have required coverage. See, e.g., Progressive Ins. Co. v. Heritage Ins. Co. (1996), 113 Ohio App.3d 781, 682 N.E.2d 33; Colonial Ins. Co. of California v. Jermann (1995), 102 Ohio App.3d 384, 657 N.E.2d 336. Like most of the decisions from other jurisdictions cited above, these courts have employed an “ambiguity” analysis to find the exclusion unenforceable, generally focusing on various definitions of what is a “fee” or a “charge.”
However, as evidenced by the fact that this case comes to us as a certified conflict, the view that the exclusion is unenforceably ambiguous is not a unanimous one. In addition to the opinion below in the case sub judice, see, e.g., the dissenting opinion in Jermann, 102 Ohio App.3d at 389, 657 N.E.2d at 339 (Deshler, J., dissenting); Dhillon v. Gen. Acc. Ins. Co. (Apr. 11, 1991), TexApp. No. C14-90-00714-CV, unreported, 1991 WL 51470; Krauss v. DeRocili (Aug. 2, 1988), Del.Super.Ct. No. 86C-NO-60, unreported, 1988 WL 90532.
Although the decisions that find the “for a fee” exclusions ineffective to deny coverage typically on their faces narrowly rely on an “ambiguity” analysis focusing on the word “fee,” many of the decisions, often without directly so stating, appear to be influenced by the practical implications that would accompany allowing the exclusion to operate. See, e.g., Progressive Cas. Ins. Co. v. Metcalf, 501 N.W.2d at 693-694 (Davies, J., concurring specially), recognizing some of the practical considerations underlying these types of cases, and finding the exclusion unenforceable both on public policy grounds and upon consideration of the consumer expectations of the insurance purchasing employee.
A narrow analysis focusing solely on the ambiguity of the word “fee,” with differing results depending on how the employee is paid, or on whether the employee’s delivery duties were minimal compared to other tasks, seems to be incomplete, and to miss the additional point of a consideration of what the exclusion actually attempts to accomplish, and of the context surrounding its invocation. My ambiguity analysis thus goes beyond a narrow consideration of the word “fee.” The ambiguity of the exclusion is broader, and is based both on the imprecision in the word “fee” and on the practical considerations involved. This ambiguity is present in all of these pizza delivery “for a fee” cases, *588 regardless of the minor differences in details among the cases, and militates against enforcement of the exclusion.
My understanding of this issue is based on the conviction that these “pizza delivery” cases have underlying policy considerations distinctly different from cases which do not involve localized product delivery, e.g., a case involving an over-the-road semi-trailer truck driver. Because my analysis focuses on some unique aspects of the “pizza delivery” cases, the foregoing lists of cited cases include only cases specifically presenting a pizza delivery fact pattern. Whether, and to what extent, these considerations would apply in a case not involving “pizza delivery” would depend on the particular facts of that case. Depending upon the facts, a different scenario may require a totally different approach.
The most desirable ultimate resolution of the overall problems presented in these cases would be for the employer to specifically provide motor vehicle insurance as primary coverage for its drivers who deliver pizzas with their own vehicles, or, alternatively, for the employer to reimburse the employee for the added cost of procuring insurance to specifically cover the act of delivery. The employer then would bear the costs of insuring employee drivers and the vehicles of employee drivers as one of the costs of doing business. As common practice appears to be now, the employer often does not provide coverage for employees who deliver with their own vehicles, but requires those employees to provide their own insurance. Simultaneously, it appears that no consideration is given by the employer to the possibility that a typical employee’s insurance policy, which frequently contains a “for a fee” exclusion, might not cover the delivery driver in the process of making, or returning from, a delivery.
Appellee Lightning Rod expresses a valid concern when it points out that an employer should bear legitimate costs of doing business by ensuring that delivery employees are specifically covered, and that the employee’s insurance company is penalized when the employee’s insurer is made to bear the cost instead. Nevertheless, if that were the rationale for allowing the employee’s insurer to deny coverage, in some situations the employee personally, not the employer’s insurer, would be the one penalized. As a practical matter, it appears obvious that employees who deliver pizzas would often have no reason to anticipate that their motor vehicle insurance would not cover them while they were employed as delivery drivers, if they even thought about the matter at all. Expecting delivery drivers to have a sophisticated appreciation of the scope of this policy exclusion, and to bear the consequences of the exclusion, seems unrealistic. It seems particularly unfair to penalize those employees for an exclusion in their policies that does not on its face explicitly, precisely, and unmistakably inform them that delivering pizzas is an activity which is not covered.
*589 In an ideal world, these problems could be circumvented by having the employer ensure coverage of its employees who make deliveries with their own vehicles, so that the employees’ personal policies would not be implicated. However, since this is not an ideal world, we must resolve this case given all the complexities underlying the situation. While we may like to see fundamental changes in the motor vehicle insurance relationship between employers and delivery employees, we cannot mandate that such changes should come about. When all the factors in this case are taken into account, including the ambiguity of the exclusion, the only practical alternative is to have the employee’s insurer provide coverage.