OPINION AND JUDGMENT ENTRY
This is an appeal from a declaratory judgment issued by the Ottawa County Court of Common Pleas which held that an insurer had no duty to defend or indemnify its commercial policyholders in a dispute over home repairs. Because the trial court's conclusion was proper, we affirm.
On October 11, 1995, appellants Angel L. Reyes, Jr. and Bonnie J. Day, dba Home Decor Systems, contracted with co-appellants David and Marilyn Massie to perform certain construction on a home owned by the Massies in Port Clinton, Ohio. Appellants Reyes and Day subcontracted with Carl Stricklen, dba P.C. Builders and Home Repairs, to perform some portion of the work.
According to the Massies, the building contractors never completed their work. In addition, the Massies claimed that significant portions of the completed work were substandard. Eventually, the Massies sued Reyes, Day and Stricklen, alleging a breach of contract, fraudulent misrepresentation, "willful and wanton deviation" from professional standards and a consumer practices violation. Incorporated into the complaint was a fourteen page architect's report detailing numerous construction deficiencies, building code violations and consequential damages arising from the work performed for the Massies. The report estimated the cost of completing the project and correcting deficiencies due to poor workmanship at more than $52,000.
Appellants Reyes and Stricklen were both insured under identical commercial liability polices issued by appellee, Owners Insurance Company. Both parties sought defense and indemnification for the Massies' claim. Appellee provided a defense to the suit under a reservation of rights and instituted the declaratory judgment action which underlies this appeal. Appellee sought a declaration that, pursuant to the terms of its insurance contract with Reyes and Stricklen, it had no duty to defend against the Massies' claim or indemnify if an adverse judgment was rendered.
The matter was submitted to the trial court on stipulations.[1]
The parties agreed that the insurance policy provided no coverage for any consumer practices violations, fraudulent misrepresentation or willful and wanton acts.
The trial court, measuring the remaining claims against the terms of the policy, determined that the damages complained of did not fall within the coverage of the policy. Alternatively, the court determined that if such damage was covered, it was ultimately eliminated in the "exclusion" portions of the policy. On this reasoning, the court declared that appellee had no duty to defend or indemnify in this matter.
From this judgment, appellants now bring this appeal. Appellants Massie set forth the following assignment of error:
 "The Trial Court erred to the prejudice of the Defendants/Appellants, David and Marilyn Massie, by granting Declaratory Judgment to the Plaintiff as the same was against the manifest weight of the evidence and the law of Ohio."
Appellants Reyes and Day state:
 "The Court errored [sic] in its Decision and Judgment Entry of February 26, 1999, its finding being against the manifest weight of the evidence."
Since this matter was before the trial court by stipulations, there are no questions of fact here. Thus, appellants attack on the weight of the evidence to which they stipulated is misplaced. We will, therefore, construe appellants' assignments of error as a challenge against the propriety of the trial court's interpretation of the insurance policy.
The construction of written contracts, including insurance policies, is a matter of law. Alexander v. Buckeye Pipeline Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus. Unlike a trial court's determination of facts which are given great deference, questions of law are reviewed de novo. Graham v. Drydock Coal Co. (1996),76 Ohio St.3d 311, 313.
An insurer's duty to defend necessarily encompasses a somewhat broader scope than its duty to indemnify. The duty to defend exists if the allegations contained in the complaint against the insured, "* * * state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded * * *." Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177, syllabus. In determining whether there exists a duty to defend, we compare the language of the insurance policy with that of the complaint. The insurance policy at issue promises that, within the limits of the policy, appellee will indemnify an insured who becomes legally obligated to pay damages because of bodily injury or property damage. Appellee also promises to defend against lawsuits seeking these damages.
Section I, coverage A, subsection 1(b) provides:
 "b. This insurance applies to `bodily injury' and `property damage' only if:
 "(1) The `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory'; and
 "(2) The `bodily injury' or `property damage' occurs during the policy period."
There is no dispute that the claim asserted occurred within the coverage area and that these policies were in effect at the time the claim arose.
In Section V, the policy supplies its own definition for certain terms.
 "9. `Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
"* * *
"15. `Your work' means:
 "a. Work or operations performed by you or on your behalf; and
 "b. Materials, parts or equipment furnished in connection with such work or operations.
"`Your work' includes:
 "a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of `your work'; and
 "b. The providing of or failure to provide warnings or instructions."
Section I(A)(2) enumerates specific exclusions from coverage, including:
"j. `Property damage' to:
"* * *
 "(5) That particular part of real property on which you or any contractors or sub-contractors working directly or indirectly on your behalf are performing operations, if the `property damage' arises out of those operations; or
 "(6) That particular part of any property that must be restored, repaired or replaced because `your work' was incorrectly performed on it.
"* * *
 "m. `Property damage' to `impaired property'[2] or property that has not been physically injured, arising out of
 "(1) A defect, deficiency, inadequacy or dangerous condition in * * * `your work;' or
 "(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
 "This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to * * * `your work' after it has been put to its intended use."
The trial court concluded that the substandard repair complained of was not an "accident" such as to constitute an "occurrence" under Section V(9) of the policy and bring the claim within coverage. Alternatively, the court found that, assuming there was general coverage, parts I(A)(2)(j) (5) and (6) exclude coverage for this claim. On these findings, the court declared that appellee had no duty to defend or indemnify in this case.
In its denial of general coverage, the trial court noted that an "accident" was not defined in the policy, nor has the word obtained a specific meaning within the law. Common words in a written instrument evince their ordinary meaning unless manifest absurdity results or some other meaning is clearly intended by the instrument. Alexander v. Buckeye Pipeline Co., supra, at paragraph two of the syllabus.
In common usage, the word "accident" may mean any of the following:
 "1. a: an unforeseen and unplanned event or circumstance b: lack of intention or necessity: CHANCE 2 A: an unfortunate event resulting esp. from carelessness or ignorance b: an unexpected and medically important bodily event esp. when injurious c:
an unexpected happening causing loss or injury which is not due to any fault or misconduct on the part of the person injured but for which legal relief may be sought" Merriam Webster's Collegiate Dictionary (10 Ed. 1996) 7.
The trial court found that the acts complained of were "undertaken by defendants in furtherance of contractual obligations and cannot be characterized as accidents."
However, we note that the complaint can be fairly read to encompass a plea for compensation for damages resulting from "an unfortunate event" brought about by "carelessness or ignorance." In this context, general coverage would accrue. Since a primary rule of construction of insurance contacts is that ambiguities in the policy should be strictly construed against the insurer and liberally in favor of the insured, United States Fid. Guar. Co. v. Lightning Rod Mut., Inc. (1997), 80 Ohio St.3d 584,586, we must conclude that the portions of appellants' complaint which constitute damages arising by accident constitute an "occurrence" giving rise to general coverage under the policy.
However, we must concur with the trial court concerning the coverage exclusions. A fair reading of the portions of the complaint relevant to this appeal reveals that all of the damages complained of arise from either an alleged breach of contract or improper performance of the work which was done. The former is outside the definition of an "occurrence." The latter is clearly excluded from coverage by Section I(A)(2)(j)(5) and (6) or I(A)(2)(m). Absent any arguable or potential coverage under the policy, the trial court correctly determined that appellee was without a duty to defend or indemnify in this instance. Accordingly, appellants' assignments of error are not well-taken.
The judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to be divided between appellants.
JUDGMENT AFFIRMED
 Melvin L. Resnick, J., James R. Sherck, J.,Richard W. Knepper, J., concur.
[1] Although the policies are the same, defendant Stricklen did not appear to defend. He is not a party to this appeal.
[2] In Section V(5), the policy defines "impaired property" as:
 "* * * tangible property, other than * * * `your work', that cannot be used or is less useful because:
 "a. It incorporates * * * `your work' that is known or thought to be defective, deficient, inadequate or dangerous; or
 "b. You have failed to fulfill the terms of a contract or agreement.
"If such property can be restored to use by:
 "a. The repair, replacement, adjustment or removal of * * * `your work', or
 "b. Your fulfilling the terms of the contract or agreement."