JOURNAL ENTRY AND OPINION
Plaintiff-appellant Mary Brittain appeals from the order of the trial court granting summary judgment in favor of defendant-appellee Progressive Preferred Insurance Company. For the following reasons, we reverse the judgment of the trial court.
Progressive provided Brittain with automobile insurance, including $1,000 in medical payments coverage and uninsured/underinsured motorist coverage in the amount of $15,000 per person and $30,000 per accident. The declaration page listed Brittain as the only named insured, and listed a 1988 Toyota pickup truck as the insured vehicle.
The insurance coverage commenced on October 3, 1994. At the time, Brittain was living with John Griffin. The declaration page of the insurance policy provided THE FOLLOWING DRIVER(S) ARE EXCLUDED FROM THIS POLICY: JOHN GRIFFIN. In addition, Brittain and Griffin signed the following driver exclusion:
 DRIVER EXCLUSION Excluded Driver #2: JOHN GRIFFIN Rel: OTHER DOB: 08/08/64
 We agree with you to provide an endorsement as follows: We will not pay for any claim arising from an accident which occurs while your insured car is being driven, either with or without your permission, by the above excluded driver(s).
On October 22, 1994, Griffin drove the insured truck off the road. Brittain was in the passenger seat of the truck at the time of the accident. Brittain alleges that she sustained injuries as a result of the accident.
Progressive denied Brittain's request for uninsured motorist coverage. Progressive did not dispute that Griffin was an uninsured motorist. Instead, Progressive insisted that the driver exclusion effectively precluded Brittain's uninsured motorist claim.
On October 18, 1996, Brittain filed the underlying complaint against Progressive. On May 1, 1998, Progressive filed a motion for summary judgment. In a journal entry filed on November 29, 1999, the trial court granted summary judgment in favor of Progressive. Therefrom, Brittain filed a timely notice of appeal with this court.
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THERE NOT ONLY EXISTED DISPUTED ISSUES OF FACT AS TO THE KNOWING AND VOLUNTARY WAIVER OF UNINSURED MOTORIST COVERAGE AS TO A PURPORTEDLY EXCLUDED NAMED DRIVER (NOT THE SPOUSE OF THE INSURED), BUT ALSO WHERE AS A MATTER OF LAW THE ATTEMPTED EXCLUSION OF UNINSURED MOTORIST COVERAGE AS TO SUCH NAMED DRIVER IS NOT PERMITTED BY O.R.C. S3937.18 AND IS VOID.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE REASONABLE MINDS COULD CONCLUDE THAT DEFENDANT-APPELLEE'S DENIAL OF MEDICAL PAYMENTS COVERAGE AND UNINSURED MOTORIST COVERAGE TO PLAINTIFF-APPELLANT WAS NOT REASONABLY JUSTIFIED.
In her first and second assignments of error, Brittain asserts that the trial court erred in granting Progressive's summary judgment motion. We will address the assignments of error concurrently because they present common issues of law and fact. Civ.R. 56(C) provides for the granting of summary judgment when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
R.C. 3937.18 requires insurers to offer uninsured and underinsured motorist coverage in the same amount as any liability coverage provided. See Schumacher v. Kreiner (2000), 88 Ohio St.3d 358, 359. The Supreme Court of Ohio has consistently championed the purpose of uninsured motorist coverage, viz., to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. Martin v. Midwestern Group Ins. Co. (1994),70 Ohio St.3d 478, 480. Thus, the court has liberally construed R.C.3937.18 in order to effectuate the statute's compelling purpose. Id.
Based upon the foregoing, the court has held that an automobile insurance policy may not use liability exclusions to eliminate or reduce uninsured or underinsured motorist coverage. State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, syllabus; Martin, supra; Stanton v. Nationwide Mut. Ins. Co. (1993), 68 Ohio St.3d 111.
In Alexander, the insurance policy contained a household exclusion under which an insured's own automobile could never be an uninsured or underinsured vehicle in a one-car accident. The court stated:
 Any contractual restriction on the coverage mandated by R.C. 3937.18 must comply with the statute's purpose. Ady v. West American Ins. Co. (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547, syllabus.
 Policy restrictions that vary from the statute's requirements are unenforceable.
 Sexton v. State Farm Mut. Auto. Ins. Co. (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 386, 433 N.E.2d 555, 558.
* * *
 State Farm's household exclusion ignores the statute's basic premise, to wit: the tortfeasor's legal liability to the insured.
 The State Farm policy eliminates uninsured and underinsured motorist coverage based solely on the fact that the tortfeasor is driving the insured's automobile. By excluding coverage for torts that occur in the insured's vehicle, State Farm seeks to escape from part of the uninsured motorist coverage that R.C. 3937.18 requires it to provide.
 In essence State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18.
 This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18.
Id. at 399-400.
In Martin, the court applied its holding in Alexander to an "other owned vehicle" exclusion.[1] The Martin court recognized that the rationale of Alexander is not limited to the analyzed exclusion.[2]
Id. at 481. The court held:
* * * Instead, this court made clear
 that R.C. 3937.18 is the yardstick by which all exclusions of uninsured motorist coverage must be measured. Under Alexander, the statute mandates coverage if (1) the claimant is an insured under a policy which provides uninsured motorist coverage; (2) the claimant was injured by an uninsured motorist; and (3) the claim is recognized by Ohio tort law.
Applying this test, we find that Brittain has satisfied the requirements of R.C. 3937.18, viz., Brittain was the named insured on the insurance policy and Griffin was uninsured. Based upon Alexander and its progeny, we hold that the driver exclusion in the subject insurance policy is invalid to the extent that it eliminated or excluded Brittain's statutory right to uninsured motorist coverage. Accord United Servs. Auto. Assn. v. Gambucci (Feb. 18, 2000), Richland App. No. 99CA65, unreported (the insured was entitled to uninsured motorist coverage because the excluded driver was an uninsured motorist).
We recognize that this opinion may appear to conflict with Brownlee v. Motorists Mut. Ins. Co. (Apr. 28, 1988), Cuyahoga App. No. 52760, unreported, and Kennison v. Progressive Ins. Co. (May 3, 1996), Lake App. No. 95-L-080, unreported. In Brownlee, this court upheld a similar driver exclusion notwithstanding the fact that the exclusion effectively extinguished the insured's uninsured motorist coverage claim. The Brownlee court misapplied the insurance company's contractual right to deny liability coverage to a driver that was not an acceptable and insurable risk. See R.C. 3937.30(B)(3). We note that Brownlee was decided prior to Alexander and its progeny. As set forth above, Alexander, Martin and Stanton prohibited the use of liability exclusions to eliminate or reduce uninsured or underinsured motorist coverage.
Based upon the foregoing, we find that the trial court erred in granting Progressive's motion for summary judgment. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
KENNETH A. ROCCO, J. CONCURS;
ANN DYKE, ADM.J. DISSENTS.
 ___________________________ LEO M. SPELLACY, JUDGE
[1] This exclusion provided: We do not cover bodily injury to a person: Occupying, or struck by, a motor vehicle owned by you or a relative for which insurance is not afforded under this part.
[2] See also Stanton, supra, wherein the Supreme Court of Ohio invalidated a "for fee" exclusion which would have eliminated uninsured motorist coverage.