OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant State Farm Mutual Automobile Insurance Company ("State Farm") appeals the February 13, 2003 Judgment Entry of the Licking County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee, Paula MacNealy.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On May 25, 2001, a dune buggy struck appellee, Paula MacNealy, on the Princess Penasca Beach in Puerto Penasca, Sonoro, Mexico, located more than 50 miles from the United States border. The driver of the dune buggy did not have insurance.
{¶ 3} At the time of the accident, appellee held an automobile insurance policy with State Farm, which included uninsured motorist coverage.
{¶ 4} Appellee filed an action in the Licking County Court of Common Pleas seeking damages against State Farm for personal injuries arising out of the accident. Specifically, appellee sought uninsured motorist coverage under her State Farm policy.
{¶ 5} On November 12, 2002, State Farm filed a motion for summary judgment, and on November 14, 2002, appellee filed a cross-motion for summary judgment. On February 13, 2003, the trial court denied State Farm's motion for summary judgment and granted appellee's motion for partial summary judgment. On July 23, 2003, an agreed upon Judgment Entry entered final judgment on behalf of appellee in the amount of $100,000 against State Farm only.
{¶ 6} It is from the trial court's February 13, 2003 Judgment Entry State Farm now appeals raising the following assignment of error:
{¶ 7} "I. The trial court erred in finding state farm's geographic limitation on coverage to be in violation of R.C.3937.18 and the policy underlying the statute."
 I
{¶ 8} In the sole assignment of error, State Farm asserts the trial court erred in finding the geographic limitation found in the insurance policy violates of R.C. 3937.18. We disagree.
{¶ 9} The State Farm policy contains the following provision:
{¶ 10} "Where Coverage Applies
{¶ 11} The coverages you chose apply:
{¶ 12} 1. in the United States of America, its territories and possessions or Canada; or
{¶ 13} 2. while the insured vehicle is being shipped between their ports.
{¶ 14} The liability, medical payments and physical damage coverages also apply in México within 50 miles of the United States border. A physical damage coverage loss in Mexico is determined on the basis of cost at the nearest United States point.
{¶ 15} Death, dismemberment and loss of sight, total disability and loss of earnings coverages apply anywhere in the world.
{¶ 16} In the case sub judice, State Farm denied appellee coverage on the basis the accident in question took place more than 50 miles from the United States border in Mexico.
{¶ 17} The version of R.C. 3937.18 in effect at the time of the accident provided:
{¶ 18} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds:
{¶ 19} "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage . . ."
{¶ 20} According to the statute, the uninsured motorist coverage provided to appellee by State Farm is required to be equivalent to the automobile liability coverage. Review of the policy language set forth above indicates the policy provides coverage in Mexico, albeit to a limited extent, and some coverage anywhere in the world. The policy does not specifically delineate where UM coverage applies.
{¶ 21} State Farm argues UM coverage is not provided in this case due to the geographical limitation on coverage. The UM Endorsement does not expressly provide any geographical limitations for UM coverage. Pursuant to the R.C. 3937.18, as a matter of law, UM coverage must be equivalent to liability coverage, and must therefore apply in Mexico. To this extent, the UM coverage offered by State Farm is not "equivalent" to the liability coverage; and therefore, must be construed as arising by operation of law.
{¶ 22} Based upon the above, as a matter of law, the UM coverage applies in Mexico. However, we find the restriction of 50 miles from the US border does not apply to the UM coverage. InScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, the Ohio Supreme Court, after concluding UM/UIM coverage arose by operation of law, stated:
{¶ 23} ". . . we have already found that Liberty Mutual had failed to offer underinsured motorist coverage through the umbrella policy issued to Superior Dairy. Thus, any language in the Liberty Mutual umbrella policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage."
{¶ 24} The Pontzer Court concluded, "any language" restricting coverage only applies to liability coverage, not UM/UIM coverage.[1] Above, we found the UM coverage offered by State Farm was not equivalent to the coverage provided under the liability section; therefore, we must view the UM coverage as arising by operation of law. Accordingly, the geographical restriction relied upon by State Farm in denying coverage is not applicable to the UM/UIM coverage. For this reason, we affirm the trial court's granting of summary judgment in favor of appellee.
{¶ 25} Furthermore, assuming arguendo the geographical limitation on coverage did apply to the UM portion of the policy, we find the restriction in violation of R.C. 3937.18 and the policy underlying the statute.
{¶ 26} The Ohio Supreme Court has determined automobile policies may not eliminate or reduce uninsured or underinsured motorist coverage, required by statute, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action recognized by Ohio tort law. StateFarm Automobile Insurance Co.v. Alexander (1992),62 Ohio St.3d 397; Stanton v. Nationwide Mutual Ins. Co. (1993),68 Ohio St.3d 111.
{¶ 27} In Alexander, supra, the Court framed the sole issue as whether an insurance company may, by policy definition, eliminate uninsured and underinsured motorist coverage to persons injured in a motor vehicle accident where the claim or claims of such persons arise from causes of action recognized by Ohio tort law. The Court held it may not, stating:
{¶ 28} "Any contractual restriction on the coverage mandated by R.C. 3937.18 must comply with the statute's purpose. Ady v. WestAmerican Ins. Co. (1982), 69 Ohio St.2d 593, 23 O.O.3d 495,433 N.E.2d 547, syllabus. Policy restrictions that vary from the statute's requirements are unenforceable. Sexton v. State FarmMut. Auto. Ins. Co. (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 386, 433 N.E.2d 555, 558.
{¶ 29} "R.C. 3937.18(A)(1) and (2) are premised on the tortfeasor's legal liability to the injured insured. See,Kurent v. Farmers Ins. of Columbus (1991), 62 Ohio St.3d 242,581 N.E.2d 533. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage.
{¶ 30} "State Farm's household exclusion ignores the statute's basic premise, to wit: the tortfeasor's legal liability to the insured. The State Farm policy eliminates uninsured and underinsured motorist coverage based solely on the fact that the tortfeasor is driving the insured's automobile. By excluding coverage for torts that occur in the insured's vehicle, State Farm seeks to escape from part of the uninsured motorist coverage that R.C. 3937.18 requires it to provide.
{¶ 31} "In essence State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18." Alexander,62 Ohio St.3d at 399-400.
{¶ 32} In Stanton v. Nationwide Mutual Insurance Co., the Ohio Supreme Court found an exclusion in the uninsured motorist coverage of an automobile liability policy which stated uninsured motorist coverage does not apply to the use of any motor vehicle by an insured to carry persons or property for a fee unenforceable. The Court followed the syllabus in Alexander,
supra, stating:
{¶ 33} "We have previously stated that R.C. 3937.18 does not displace ordinary principles of contract law and that, as a result, reasonable exclusions in the uninsured motorist coverage of automobile insurance policies do not necessarily conflict with the policy behind R.C. 3937.18 and are sometimes enforceable. However, this court has since changed its view on this matter.
{¶ 34} "When the syllabus law in State Farm is applied to the facts in this case, it is clear that appellant's "for fee" exclusion is unenforceable. Notwithstanding appellees' argument that the exclusion is ambiguous, the exclusion plainly eliminates coverage to at least those persons, like appellee, who are injured while driving vehicles that are being used for commercial purposes. In addition, appellant does not dispute that appellee has a cause of action in tort against the uninsured motorist whose car caused the accident. Thus the facts of this case fit squarely within the syllabus law in State Farm." Stanton,68 Ohio St.3d at 113-114.
{¶ 35} Upon review, Ohio case law clearly provides an insurance company, by policy definition, may not eliminate uninsured and underinsured motorist coverage to persons injured in a motor vehicle accident where the claim or claims of such persons arise from causes of action recognized by Ohio tort law. Clearly, appellee's claim arises from a cause of action recognized by Ohio tort law; and therefore, State Farm May not preclude coverage to appellee based solely upon the geographical limitation.
{¶ 36} Further, review of R.C. 3937.18 in effect on the date of the accident, provides:
{¶ 37} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
{¶ 38} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided;
{¶ 39} "(2) While the insured is operating or occupying a motor vehicle without a reasonable belief that the insured is entitled to do so, provided that under no circumstances will an insured whose license has been suspended, revoked, or never issued, be held to have a reasonable belief that the insured is entitled to operate a motor vehicle;
{¶ 40} "(3) When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the uninsured and underinsured motorist coverages are provided."
{¶ 41} Accordingly, the legislature has specifically limited when an insurer may preclude UM/UIM coverage in a policy of insurance. We find it persuasive the legislature did not include therein a geographical limitation of coverage.
{¶ 42} Therefore, though we recognize our brethren from the Sixth, Eighth and Tenth Districts[2] have concluded otherwise, we find State Farm's territorial exclusion invalid pursuant to Alexander and Stanton, supra, and our reading of R.C. 3937.18.
{¶ 43} The February 13, 2003 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J. and Gwin, P.J. concur.
Wise, J. dissents.
[1] We note, appellee seeks coverage under her own policy of insurance under which she is a named insured, as compared to, a policy of insurance under which she would be a third-party beneficiary.
[2] See, Tscherne v. Nationwide Mut. Ins. Co., Cuyahoga App. No. 81620, Nov. 20, 2003; Caba v. State Farm Automobile Ins.Co., Lucas App. No. L-94-168, March 31, 1995; Prudential Prop. Cas. Ins. Co. v. Gales, Franklin App. No. 86AP-250, Aug. 7, 1986.